# United States Court of Appeals
## For the First Circuit

No. 13-2341

DAVID M. DANIEL,

Plaintiff, Appellant,

v.

AVESTA HOUSING MANAGEMENT CORPORATION; SCOTCH HILL ASSOCIATES LP; CRYSTAL CHAMBERLAIN; DEBORAH PERRY,

Defendants, Appellees.

Before

Torruella, Kayatta and Barron,
Circuit Judges.

**JUDGMENT**

Entered: December 11, 2014

Plaintiff-appellant David M. Daniel appeals *pro se* from the district court's grant of summary judgment in favor of defendants Avesta Housing Management Corp., et al. ("Avesta") on Daniel's claims of failure to make reasonable accommodations on account of his disability, in violation of the Maine Human Rights Act, 5 Me.Rev.Stat.Ann. tit. 5, §4582-A(2), the Fair Housing Amendments Act, 42 U.S.C. §3604(f)(3)(B), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). To prevail on his claims, Daniel was required to "show that he requested a particular accommodation that is both reasonable and necessary to allow him an equal opportunity to use and enjoy the housing in question." Astralis Condominium Assn. v. Secretary, U.S. Dept. of Housing and Urban Development, 620 F.3d 62, 67 (1st Cir. 2010).[1]

"Our review of a district court's grant of summary judgment is de novo. In conducting our 'fresh look' at the record, we view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). To determine whether a trial-worthy issue exists, we look to all of the

---

[1] Appellant has filed a motion with this court to amend his complaint to add claims on theories of disparate treatment and disparate impact. Having failed to make such motion in the district court, he cannot amend the complaint at this late stage.

record materials on file, including the pleadings, depositions, and affidavits. Fed.R.Civ.P. 56(c)(1)(A). We may neither evaluate the credibility of witnesses nor weigh the evidence. Summary judgment is inappropriate if the evidence 'is sufficiently openended to permit a rational fact finder to resolve the issue in favor of either side.'" Ahmed v. Johnson, 752 F.3d 490, 495 (1st Cir. 2014)(citations omitted).

Applying this *de novo* standard of review, we conclude that summary judgment was properly granted in favor of defendants essentially for the reasons stated in the Recommended Decision of the Magistrate Judge which was affirmed by the district court in an Order dated August 27, 2013. We add the following reasons and authorities to those contained in the Recommended Decision.

I. Delay in Providing 78-Degree Thermostat

This court has recognized that "unreasonable delay may amount to a failure to provide reasonable accommodations." Valle-Arce v. Puerto Rico Ports Authority, 651 F.3d 190, 200 (1st Cir. 2011). But, requiring that Avesta's Reasonable Accommodation Request medical form be completed by Daniel's physician before acting on the request does not alone amount to an unreasonable delay. See Ward v. McDonald, 762 F.3d 24, 31-32 (D.C. Cir. 2014) (affirming grant of summary judgment in favor of employer where employee had provided two letters from physicians but the employer requested further medical documentation to determine a reasonable accommodation); Stewart v. St. Elizabeth's Hosp., 589 F.3d 1305, 1308 (D.C. Cir. 2010) (reasonable jury could not find that employer denied request for accommodation where employer "said he would try to assist Stewart as soon as she submitted the necessary paperwork").

The initial letter from Daniel's doctor (dated 11/30/09 but not delivered until 2/3/10) described his disability: "fibromyalgia and a specific rare autonomic nervous system disorder, which prevent him from controlling his sensitivity to heat and cold." Appellant's Appendix, Ex. 7. But, the questions for the medical professional on the Request for Accommodation (RA) form that Avesta asked Daniel to have filled out by his doctor sought information beyond that provided in the doctor's initial letter. Specifically, the form asked for a description of the "activities of daily living" that were substantially limited, the medical necessity for the requested accommodation, and "how the accommodation will assist the resident with the activity of daily living." Appellant's Appendix, Ex. 73. Therefore, a reasonable factfinder could not find that Avesta's insistence on completion of its medical form constituted an unreasonable delay amounting to denial of a reasonable accommodation under the relevant statutes. Compare Bhogaita v. Altamonte Heights Condominium Ass'n, Inc., 765 F.3d 1277, 1286 (11th Cir. 2014)(affirming denial of defendant's motion for summary judgment where reasonable fact finder could not conclude that Association was still undertaking meaningful review where the latest (unanswered) request had "sought the same information already provided" in three letters submitted by plaintiff's doctor).

Appellant argues that Avesta should have offered a temporary alternative accommodation while waiting for the 78-degree thermostat to arrive. But, there is no evidence that Daniel requested such temporary alternative accommodation after his request was granted. And the uncontradicted evidence indicated that the additional two-week delay in installation of the new thermostat resulted from an unanticipated delay in Avesta's receipt of the thermostat from the

thermostat distributer. On this record, a reasonable factfinder could not conclude that the delay in installation constituted a denial of reasonable accommodation in violation of the relevant statutes.

### II. Denial of Permission to Use Electric Space Heaters

Because the evidence could not support a finding that Avesta unreasonably relied upon the medical form filled out by Dr. Chappelle on 3/16/10, which did not state that the requested accommodation of the use of space heaters was medically necessary under the relevant statutes, a reasonable factfinder could not find that Avesta was statutorily obligated to grant that accommodation. Therefore, the issues of whether such accommodation presented a fire risk, or whether alternative reasonable accommodations that did not pose the same risk (such as heat lamps or ceiling heaters) should have been offered, need not be reached.

### III. Denial of Exemption from New Heating Allowance Policy

Appellant argues that there was "no reason for [Avesta] to deny" his request that he be able to keep his "utility allowance." But, to prevail under the relevant statutes, Daniel had the burden to establish that the requested exception to the policy change was "both reasonable and necessary to allow him an equal opportunity to use and enjoy the housing in question." Astralis, 620 F.3d at 67. To meet that burden, Daniel claimed that "[w]ithout the utility allowance, [he] could not afford to keep the symptoms from his disability under control." Plaintiff's Responses to Defendants' Statement of Undisputed Facts, Dkt # 48, ¶ 80. Appellant argues that

> Avesta was required under the FHA to make an exception to their new heating policy [for Daniel] so that he could continue to pay (from his SSDI payments) for his medical costs that are directly related to his disability.

Appellant's Brief, p. 35.

We need not decide if and when an owner might have to relinquish funds to a tenant so that the tenant can spend more money on medical treatments. Rather, we need only observe that Daniel failed to introduce evidence of the medical necessity for such treatments, in addition to the 78-degree thermostat, in order to "'afford him equal opportunity to use and enjoy'" the apartment. Astralis, 620 F.3d at 66 (quoting 42 U.S.C. §3604(f)(3)(B)). In her initial letter dated 12/30/09, Dr. Chappelle mentioned that Daniel "participates in physical therapy, [massage therapy], osteopathic manipulation therapy, and acupuncture to help control his symptoms and maintain a healthy lifestyle." Appellant's Appendix, Ex. 7, p. 2. But when asked on the Avesta RA medical form to explain the medical necessity of the requested accommodations, Dr. Chappelle wrote only that Daniel needed "to be able to control heat/thermostat in his apartment (or use space heaters) to keep symptoms from his condition under control for activities of daily living." Appellant's Appendix, Ex. 73. There was no mention or explanation of the medical necessity of the various therapies and acupuncture. On this record, a reasonable factfinder could not find that the requested utility allowance accommodation was "both reasonable and necessary to allow [Daniel] an equal opportunity to use and enjoy the housing in question." Astralis, 620 F.3d at 67.

Appellant's Motion for Leave of Court to Amend or Supplement Pleadings is <u>denied</u>.

Appellant's Motions to Preserve Evidence for Trial are <u>denied as moot</u>. We need not decide whether such evidence is properly before this court because, assuming *arguendo* that it is, it does not alter our judgment in this case.

<u>Affirmed</u>.

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

cc: David M. Daniel
Joseph L. Cahoon, Jr.
Thomas R. McKeon
Hillary J. Bouchard